UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.           )<br>)<br>CARL BUGGS, NATHANIEL )<br>RIMPSON III, CHARLES SCOTT ) | No. 2:99 CR 86 |

**OPINION and ORDER**

This matter is before the court on defendants Carl Buggs, Nathaniel Rimpson III, and Charles Scott's motions for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] (DE ## 532, 536, 540.) For the reasons that follow, the motions will be denied.

**I.    BACKGROUND**

In July 1999, defendants were convicted of, among other crimes, at least two violations of 18 U.S.C. § 924(c) for their participation in a string of armed robberies. *See United States v. Rimpson*, No. 20-3467, 2021 WL 6098440, at *1 (7th Cir. Sept. 22, 2021). In 2020, defendants sought compassionate release, based on a sentencing disparity created by § 403 of the First Step Act of 2018, Pub. L. No. 115-391, § 403, 132 Stat. 5194, 5221–22. Section 403 limited the circumstances in which enhanced sentences may be imposed for multiple § 924(c) offenses. *Id.* If § 403 had applied to them, their minimum sentences for their § 924(c) convictions would have been significantly shorter. *Rimpson*, No. 20-3467,

---

[1] Because each motion overlaps significantly with that of the others, and involves largely identical legal issues, the court considers the motions together, addressing any specific defendant separately as necessary.

2021 WL 6098440, at *1. However, Congress did not make § 403 retroactive. *Id.* This court concluded that it lacked the authority to grant defendants compassionate release based on the sentencing disparity between offenders sentenced before, and those sentenced after, the enactment of the First Step Act. *Id.*

The Seventh Circuit subsequently held in *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021), that the First Step Act's amendment to § 924(c) cannot serve as reason for a sentence reduction under § 3582(c)(1)(A)(i). Based on *Thacker*, the Seventh Circuit later affirmed this court's denial of defendants' motion for compassionate release. *Rimpson*, No. 20-3467, 2021 WL 6098440, at *1.

Defendants have now filed a second round of motions for compassionate release, based on the Sentencing Commission's November 2023 amendment to United States Sentencing Guideline § 1B1.13. The Sentencing Commission added § 1B1.13(b)(6), which states:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason [for compassionate release under § 3582(c)(1)(A)(i)], but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Defendants argue that, based on this new provision, this court should grant them compassionate release. This matter is fully briefed and is ripe for ruling.

2

## II.    ANALYSIS

Generally, a court is statutorily prohibited from modifying a term of imprisonment once it is imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant a convicted defendant compassionate release if the defendant meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). The court may grant a moving defendant's motion for compassionate release if: (1) the defendant has complied with the statute's administrative exhaustion requirement; (2) "extraordinary and compelling" reasons warrant such a reduction; (3) the court has considered the factors set forth in 18 U.S.C. § 3553(a), as applicable; and (4) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

In this case, it is undisputed that defendants have met the exhaustion requirement. Accordingly, the court will consider whether defendants have established an extraordinary and compelling reason for compassionate release.

### A.    *Thacker* Precludes Compassionate Release Under § 1B1.13(b)(6)

The court is only authorized to grant defendants compassionate release if there are "extraordinary and compelling reasons" for their early release. Section 1B1.13(b)(6) purports to supply such a reason. The Government does not dispute that § 1B1.13(b)(6) applies to defendants. Rather, the Government argues that the Sentencing Commission exceeded its authority in adopting § 1B1.13(b)(6), and that § 1B1.13(b)(6) is contrary to the Seventh Circuit's holding in *Thacker* that the non-retroactive changes made by the

3

First Step Act cannot serve as the basis for compassionate release.

At the time *Thacker* was decided, the Sentencing Commission did not have a quorum and could not create updated policy guidelines in the wake of the First Step Act. *See United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). This was significant because one of the major changes made by the First Step Act was to permit prisoners to bring compassionate release motions on their own behalf under § 3582(c)(1)(A). However, because the Sentencing Commission could not amend its policy guidance in the wake of the First Step Act, its now-outdated policy guidelines still reflected the old scheme under which the Director of the Bureau of Prisons ("BOP") was the only person authorized to exercise discretion as to what circumstances (aside from those identified by the Sentencing Commission) could serve as a basis for compassionate release. Thus, there was a question as to what, if any, discretion district courts could exercise in determining whether a defendant had an "extraordinary and compelling" reason for compassionate release. The Seventh Circuit resolved this question by holding that district courts should be guided by the old policy statement, but could exercise discretion under § 3582(c)(1)(A) to determine what else might be an "extraordinary and compelling" reason for compassionate release. *Gunn*, 980 F.3d at 1181.

Now that the Sentencing Commission has issued an updated policy statement, the court considers whether the Commission acted within its authority in issuing the statement. Congress did not define the term "extraordinary and compelling" in § 3582(c)(1)(A). Instead, Congress tasked the Sentencing Commission to "describe what

4

should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).

In determining whether the Sentencing Commission exceeded its authority in issuing § 1B1.13(b)(6), the court considers whether this action by the Commission is entitled to *Chevron* deference. "At *Chevron*'s first step, we determine—using ordinary principles of statutory interpretation—whether Congress has directly spoken to the precise question at issue. If Congress has done so, our inquiry ends there." *Coyomani-Cielo v. Holder*, 758 F.3d 908, 912 (7th Cir. 2014) (citations omitted). "If not, then Congress has left the administrative agency with discretion to resolve a statutory ambiguity, so at step two, we require only that the agency's interpretation be reasonable." *Id.* (cleaned up). "If a statute is ambiguous, and if the implementing agency's construction is reasonable, *Chevron* requires a federal court to accept the agency's construction of the statute, even if the agency's reading differs from what the court believes is the best statutory interpretation." *Nat'l Cable & Telecommunications Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 980 (2005); *see also United States v. Santoyo*, 146 F.3d 519, 524 (7th Cir. 1998) (applying the *Chevron* scheme to Sentencing Commission actions).

As to the first inquiry, Congress has not explicitly answered the question as to whether a non-retroactive change in sentencing law can constitute an "extraordinary

5

and compelling" reason for compassionate release. Accordingly, the court must consider whether the Sentencing Commission's interpretation of § 3582(c)(1)(A) as permitting such a change to serve as an "extraordinary and compelling" reason is a reasonable interpretation of the statute. Here, *Thacker* answers this question.

In *Thacker*, the Seventh Circuit held that a district court could not exercise its discretion under § 3582(c)(1)(A) to find that a non-retroactive sentencing change is an "extraordinary and compelling" reason for compassionate release. *Thacker*, 4 F.4th at 576 ("We take the opportunity here to answer squarely and definitively whether the change to § 924(c) can constitute an extraordinary and compelling reason for a sentencing reduction. It cannot."). The Court held:

> [T]he discretionary authority conferred by § 3582(c)(1)(A) only goes so far. It cannot be used to effect a sentencing reduction at odds with Congress's express determination embodied in § 403(b) of the First Step Act that the amendment to § 924(c)'s sentencing structure apply only prospectively. To conclude otherwise would allow a federal prisoner to invoke the more general § 3582(c) to upend the clear and precise limitation Congress imposed on the effective date of the First Step Act's amendment to § 924(c).

*Id.* at 574.

If a district court cannot exercise such discretion under § 3582(c)(1)(A) because the effect would be to impermissibly circumvent congressional intent, the court sees no reason why the Sentencing Commission's discretion under § 3582(c)(1)(A) would not be similarly constrained. Accordingly, pursuant to *Thacker*, § 1B1.13(b)(6) is an unreasonable interpretation of § 3582(c)(1)(A) and is not entitled to *Chevron* deference.

The court is cognizant that there is dicta in a post-*Thacker* Seventh Circuit case

suggesting that the Sentencing Commission may have the authority to resolve the circuit split regarding whether non-retroactive changes to the First Step Act can serve as the basis for compassionate release. *See United States v. Williams*, 65 F.4th 343, 349 (7th Cir. 2023). However, this court is bound to follow the precedent established in *Thacker*.

There are, thus far, only two district courts in this circuit that have considered the validity of § 1B1.13(b)(6). In *United States v. Black*, No. 05 CR 70-4, 2024 WL 449940, at *8 (N.D. Ill. Feb. 6, 2024), the court held:

> *Thacker* and its progeny interpreted § 3582(c)(1)(A) to preclude a district court from finding that the § 924(c) amendments constitute extraordinary and compelling circumstances warranting a sentencing reduction. The language of those decisions indicates that the Seventh Circuit would reject the Commission's policy statement as unreasonable to the extent it purports to allow such an amendment to constitute extraordinary and compelling reasons.

On the other hand, in *United States v. Spradley*, No. 1:98-CR-38-JMS-MJD-1, 2024 WL 1702873, at *5 (S.D. Ind. Apr. 18, 2024), the court came to the opposite conclusion, finding it significant that at the time *Thacker* was decided there was no binding policy statement from the Sentencing Commission.

> The Seventh Circuit [in *Thacker*] did not have the benefit of the Sentencing Commission's analysis of [§ 3582(c)(1)(A)] and did not consider the question of whether the Sentencing Commission's determination . . . [was] a reasonable interpretation of statute, which is the key question. For that reason, the Court does not find that *Thacker* precludes a finding that the Sentencing Commission's guidance in § 1B1.13(b)(6) was a reasonable interpretation of the statute.

"Particularly given the Seventh Circuit's post-*Thacker* statements, *Thacker* and its progeny cannot be read to mean that the Seventh Circuit jettisoned the courts' historic deference to the Sentencing Commission before it even had the benefit of the Sentencing

7

Commission's interpretation of the statute." *Id.* at *7.

Respectfully, this court agrees with the *Black* court that, in light of its holding in *Thacker*, the Seventh Circuit is likely to find that the Sentencing Commission exceeded its authority in issuing § 1B1.13(b)(6). Accordingly, the court finds that § 1B1.13(b)(6) does not serve as a basis for compassionate release, and denies defendants' request for relief based on this subsection.

### B.   Buggs Is Not Entitled To Relief Under § 1B1.13(b)(3)

Defendant Buggs argues that he is eligible for compassionate release pursuant to § 1B1.13(b)(3)(C), (D). (DE # 537 at 22.) These subsections provide that the incapacitation of a defendant's parent or grandparent, when the defendant would be the only available caregiver, is an extraordinary and compelling reason for compassionate release. Buggs argues that he is the only suitable caregiver for his 70 year old father and 91 year old grandmother. (*Id.*) His father and grandmother are bedridden, unable to walk, receive dialysis multiple times per week, and require round-the-clock care. (DE # 538.) This care is currently being provided by a 70 year old relation, Darice Shelby. (*Id.*) Darice has her own ailments, including the need for a foot surgery that will require her to be off her feet for two months. (*Id.*) Buggs argues that she is physically incapable of carrying Buggs' father and grandmother into and out of wheelchairs multiple times per day, as they require. (*Id.*) The family members that live nearby are either unwilling or unable to serve as full-time caregivers. (*Id.*)

The court finds that Buggs has not demonstrated that he is the only available caregiver for his father and grandmother. Buggs' father has four other adult children

8

who, while not able to provide full-time care, have been able to step in and assist for short periods of time when Darice has required help. (*Id.*) While Darice requires foot surgery and will need to be off her feet for a prolonged period, Darice had ankle surgery last August and it appears that care was still provided to Buggs' father and grandmother. Furthermore, it appears from Darice's letter to the court that a nursing home is an available option – if an undesired one. (DE # 539-5 at 14.) The court finds that Buggs has not established that he is eligible for relief under § 1B1.13(b)(3)(C), (D).

### C. Defendants' Age And Rehabilitation Do Not Establish An Extraordinary And Compelling Reason

Defendants present two additional bases for their eligibility for compassionate release: their relative youth at the time they committed their crimes, and their rehabilitation in prison. In this case, these reasons do not, alone or in combination, amount to an extraordinary and compelling reason for early release.

The court first considers defendants' youth at the time of their offenses. Defendants argue that the court can determine that their age at the time of their crimes can be considered an "extraordinary and compelling" reason under the "Other Reasons" provision of § 1B1.13(b). Section 1B1.13(b)(5) provides that a defendant has an extraordinary and compelling reason for compassionate release if he "presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)."

Defendants were all in their early twenties when they committed the string of

9

armed robberies for which they are currently incarcerated. The court is not convinced that the fact that they were in their early twenties is a circumstance similar in gravity to those described in paragraphs (1) through (4), which include defendants who were sexually or physically abused by a BOP employee while incarcerated, defendants who are suffering from a terminal illness, and defendants who are over 65 years old and are experiencing a serious deterioration in health and have served a significant portion of their sentence. Even if it was, the fact of their age, alone, certainly does not rise to the level of "extraordinary and compelling." Thus, the court turns to the remaining reason defendants present to determine whether these two reasons, when considered in combination, rise to the level of "extraordinary and compelling."

  Defendants argue that their rehabilitation in prison supports a finding of an "extraordinary and compelling" reason for a sentence reduction. Rehabilitation of a defendant is not, by itself, an extraordinary and compelling reason for a sentence reduction. U.S.S.G. § 1B1.13(d); 28 U.S.C. § 994(t). However, rehabilitation of a defendant may be considered in combination with other circumstances in determining whether, and to what extent, a reduction in the defendant's term of imprisonment is warranted. U.S.S.G. § 1B1.13(d). Yet, even when this court considers these circumstances in combination, the court is not convinced that defendants have established an extraordinary and compelling reason for a sentence reduction. Their rehabilitation is commendable and will serve them well upon their release. Their age may have played some factor in their decision-making. But these considerations do not justify their early release from prison.

## III. CONCLUSION

The court **DENIES** defendants' motions for compassionate release under 18 U.S.C. § 3582(c). (DE ## 532, 536, 540.)

**SO ORDERED.**

Date: May 13, 2024

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT